24-2343-bk
*Myer's Lawn Care Servs., Inc. v. Fragala*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of October, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> *Circuit Judges.*

---

IN RE: RUSSELL FRAGALA,
> *Debtor.*

---

MYER'S LAWN CARE SERVICES, INC.,
> *Creditor-Plaintiff-Appellant.*

v.                                                        24-2343-bk

RUSSELL FRAGALA,
> *Debtor-Defendant-Appellee.**

---

FOR CREDITOR-PLAINTIFF-APPELLANT:          WILLIAM M. BURKE, William M. Burke, P.C., Manchester, MD

FOR DEBTOR-DEFENDANT-APPELLEE:          Russell Fragala, pro se, Lake Grove, NY

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from the August 16, 2024 judgment of the United States District Court for the Eastern District of New York (Choudhury, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Myer's Lawn Care Services, Inc. ("Myer's") filed a proof of claim in Appellee Russell Fragala's individual Chapter 7 bankruptcy case. Myer's then brought an adversary proceeding seeking a declaration that the claim was non-dischargeable. The bankruptcy court ruled that the claim was dischargeable, and Myer's appealed the ruling to the district court. The bankruptcy court later issued an order expunging the proof of claim in the Chapter 7 proceeding, and the district court affirmed that order on appeal. The district court then dismissed the dischargeability appeal as moot. Myer's appealed the mootness ruling to this Court. We assume the parties' familiarity with the underlying facts and the rulings by the bankruptcy court and district court.

"We review *de novo* the district court's conclusion that [a party's] claims are moot." *County of Suffolk, N.Y. v. Sebelius*, 605 F.3d 135, 139 (2d Cir. 2010).

"The duty of an Article III court is to decide live controversies, not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it. Accordingly, when, during the pendency of an appeal, events occur that would prevent the appellate court from fashioning effective relief, the appeal should be dismissed as moot." *In re Chateaugay Corp.*, 988 F.2d 322, 325 (2d Cir. 1993) (quotation marks and citations omitted); *see Fox v. Bd. of Trs. of State Univ. of N.Y.*, 42 F.3d 135, 140 (2d Cir. 1994) ("When a case becomes moot, the federal courts lack subject matter jurisdiction over the action.") (quotation marks omitted and alterations adopted).

The bankruptcy court expunged the proof of claim by Myer's against Fragala's bankruptcy estate, and we uphold that ruling in a summary order issued today in *Myer's Lawn Care Services, Inc. v. Pryor*, No. 24-2345. Myer's no longer has a claim in Fragala's bankruptcy case, so there is no "live controvers[y]" over whether the claim is dischargeable. *Chateaugay*, 988 F.2d at 325. The appeal of the dischargeability order is thus moot.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court